UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RONALD CHASE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| v. | ) CIVIL NO.: |
| | ) |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| LINCOLN FINANCIAL GROUP, | ) |
| | ) |
| Defendants | ) |

COMPLAINT

NATURE OF THE ACTION

 This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C. § 1001, et seq.* Plaintiff was insured under the long term disability (LTD) policy of Eastern Maine Healthcare, pertaining to claim number 7986619 (the "Plan"). Defendants are the claims administrators of the Plan and liable for payment of LTD benefits. Defendants wrongfully denied LTD benefits to Plaintiff who has been and continues to be totally disabled by the terms of the Plan.

JURISDICTION AND VENUE

 This court has original jurisdiction under *28 U.S.C. § 1331* because this is an action arising under the laws of the United States. Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* in the State of Maine because the events giving rise to the claim

occurred in the State of Maine and under Local Rule 3(b) in Bangor because Plaintiff lives in Penobscot County, State of Maine.

FACTS

1. Plaintiff became disabled from performing the duties of his occupation of pharmacist on 12/18/2018.
2. He is disabled by severe Crohn's disease of the small bowel and colon.
3. He has had 6 small bowel resections resulting in short bowel syndrome.
4. He experiences 6 to 15 watery, foul smelling stools in a 24-hour period awakening several times during the night with diarrhea.
5. He is incontinent and constantly leaking feces and urine.
6. He experiences severe bloating with urgent and explosive flatulence.
7. He engages in low intensity walking early in the morning each day, part of the management of his Crohn's disease, and frequently has to go off the path to relieve himself of diarrhea and urine.
8. He must keep toilet paper in his car and in his pocket.
9. He goes through a roll of toilet paper daily.
10. He has to keep a change of clothes in his car including underwear, shorts, pants, and socks.
11. He soils 3 pairs of underwear each day.
12. He buys underwear with a thick pouch which he keeps filled with toilet paper.
13. He buys clothes of the same style and color so it won't be obvious that he changed his clothes.

14. At times his diarrhea is so explosive and uncontrolled that he soils himself.

15. Every time he makes it to the bathroom he is grateful that he averted another major, humiliating disaster.

16. He cannot sleep with his wife of 34 years because of the constant diarrhea and foul smelling flatulence. He has his own bathroom at home.

17. His whole house smells like feces.

18. Most of the time he stays near his home within a safety, comfort zone.

19. He knows every bathroom from Bangor, Maine to Boston where he receives treatment.

20. The symptoms of the Crohn's disease and the inability to have a full night's sleep causes extreme fatigue, forcing him to take two naps a day for up to ninety minutes for each nap.

21. This fatigue makes it impossible to concentrate on, and perform, the challenging tasks of a pharmacist.

22. Plaintiff had a vocational file review which includes a canvas of 8 alternative occupations suitable for Plaintiff.

23. All 8 of these potential employers stated that the position would not allow Plaintiff to spend as much time as needed in the restroom. In addition, most stated that there would be no restroom nearby to accommodate fecal and urinary incontinence.

24. Defendants denied LTD benefits communicated to Plaintiff by letter dated May 2, 2018. Defendants appealed this denial on October 26, 2018.

25. By letter dated December 28, 2018, Defendants requested more time within which to decide the appeal for the reason that it is awaiting "independent physician reviews of the claim file."

26. This letter does not explain why the request is necessary for reasons not within Defendants' control as required by ERISA regulation.

27. Because the decision on appeal has not been made in a timely fashion, the appeal is deemed denied.

## COUNT 1

28. Plaintiff restates all allegations here.

29. Plaintiff has exhausted administrative remedies.

30. Defendant wrongfully denied Plaintiff's LTD benefits.

WHEREFORE, Plaintiff requests this Court:

(a) Enter Judgment in his favor and against Defendant;

(b) Order that Defendant pay all LTD benefits to date of Judgment;

(c) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

(d) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and to make Plaintiff whole for losses;

(e) Order the payment of prejudgment and post judgment interest as well as interest beginning from the initial denial of benefits;

(f) Order that Defendant pay the costs of suit, including Plaintiff's attorney's fees and costs pursuant to 29 U.S.C. 1132(g); and

(g) Award all such other and further relief as this Court deems just and proper.

DATED: January 7, 2019

*/s/ Gisele M. Nadeau*

Gisele M. Nadeau, Esq.
55 Pleasant Ave.
Portland, Maine 04103

nadeau@nadeauerisadisability.com
